FILED
AUG 1 8 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 3-05-70648 BZ |
| v. | ) | |
| LLOYD JIMI JAMISION JR., | ) | **DETENTION ORDER** |
| Defendant. | ) | |

This matter came before the Court on August 12, 2005 for a detention hearing. The defendant, Lloyd Jimi Jamison Jr., was present and represented by Assistant Federal Public Defender Ronald Tyler. Assistant United States Attorney Susan Jerich appeared for the United States of America.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Having considered the parties' proffers, the Pretrial

1

Services Report and the files and records in this matter, I find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community and I **ORDER** him detained. In so holding, I have considered the following factors:

1. The defendant is charged with being a felon in possesion of a firearm in violation of 18 U.S.C. § 922(g)(1).

2. The defendant, while a lifelong San Francisco resident, does not have a stable history of residence or employment.

3. The defendant has a prior criminal record that includes two felony conviction, eight misdemeanor convictions, and several bench warrants. Many of his convictions involve violent behavior and he is the subject of three restraining orders. His misdemeanor convictions include multiple counts of battery, assault with a deadly weapon, and willful cruelty to a child. This arrest and many of his convictions occured while the defendant was on probation.

4. The defendant appears to have mental health issues and has admitted to using marijuana and ecstacy.

5. Defendant has family ties to the community. However, he appears estranged from most of his family and none of his family members appeared in court or offered to act as surety.

6. In passing the Bail Reform Act, Congress was particularly concerned with the danger that drugs and violence posed to the community.

7. Defendant did not proffer any conditions of release, nor have any occurred to the court, that would reasonably assure his appearances at trial or the safety of the community. While his fiance offered to sign an unsecured bond, given the risks discussed above, I do not find that proposal adequate.

Therefore, **IT IS HEREBY ORDERED** that:

(1) The defendant be, and hereby is, committed to the custody of the Attorney General for a confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: August 17, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2005\JAMISONDETENTION.wpd

3